Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: (877) 206-4741
Fax: (866) 633-0228
tfriedman@toddflaw.com
Attorney for Plaintiffs

Aaron D. Radbil (*pro hac vice* application to follow)
Greenwald Davidson PLLC
5550 Glades Rd, Ste. 500
Boca Raton, FL 33431
Phone: (561) 826-5477
Fax: (561) 961-5684
aradbil@mgjdlaw.com
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA KIELTY AND SUSAN PATHMAN, *on behalf of themselves and all others similarly situated,* ) | Case No.  **'14CV0541 JLS  BGS** |
| ) | PLAINTIFFS' CLASS ACTION COMPLAINT |
| Plaintiff, ) | |
| ) | JURY DEMANDED |
| vs. ) | |
| MIDLAND CREDIT MANAGEMENT, INC., ) | |
| Defendant. ) | |

### Nature of the Action

1.     This is a class action under the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.*, the Fair Debt Collection Practices Act,

1  ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection

2  Practices Act ("Rosenthal Act"), Cal. Civ. Code, §1788 *et seq.*

3  ## Jurisdiction and Venue

4
5      2.    This Court has subject matter jurisdiction under 15 U.S.C. § 1679g,

6  15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

7      3.    Venue is proper in this Court under 28 U.S.C. § 1391(b) as the acts

8  and transactions giving rise to Patricia Kielty's and Susan Pathman's (together

9  "Plaintiffs") action occurred in this district, and as Midland Credit Management,

10  Inc. ("Defendant") resides in this district.

11
12  ## Parties

13      4.    Ms. Kielty is a natural person who at all relevant times resided in the

14  State of California, County of Ventura, City of Oxnard.

15      5.    Ms. Pathman is a natural person who at all relevant times resided in

16  the State of California, County of Alameda, City of Fremont.

17
18      6.    Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

19      7.    Defendant is a corporation located at 8875 Aero Drive, Suite 200, San

20  Diego, CA 92123.

21      8.    Defendant uses instrumentalities of interstate commerce or the mails

22  to sell, provide, or perform (or represent that it can or will sell, provide, or

23  perform) any service, in return for the payment of money or other valuable

24

consideration, for the express or implied purpose of (a) improving any consumer's credit record, credit history, or credit rating, or (b) providing advice or assistance to any consumer with regard to any activity or service related to improving any consumer's credit record, credit history, or credit rating.

9.   Defendant is a credit repair organization as defined by 15 U.S.C. § 1679(a)(3)(A).

10.   Defendant was, at all relevant times, engaged in the business of directly or indirectly attempting to collect a debt from Plaintiffs.

11.   Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

### Factual Allegations

12.   On or about April 13, 2012, Defendant mailed a letter to Ms. Kielty that states, in part:

> Your credit report can help you reach you goals—or it can hold you back. Your past due balance of $1,870.70 with FIRST CREDIT BANK OF DELAWARE is being reported to the credit reporting bureaus and remains a negative item on your credit report.
>
> *   *   *
>
> We can help you get back on track.
>
> *   *   *
>
> P.S. We've included a free educational brochure for you, *Why paying your bills is so important to a good credit report.*

\*   \*    \*

Take your first steps towards repayment today!

Once you make a payment,

- Interest will stop being applied to your account

- Your credit report will be updated with the payments you make

- The account will appear on your credit report as Paid in Full after you've completed your payments

A true and correct copy of Defendant's April 13, 2012 letter is attached hereto as Exhibit A.

13.   Defendant included a brochure with its April 13, 2012 letter to Ms. Kielty, which states, in part

Why paying your bills is so important to a good credit report

Your credit score is key to getting the credit you need throughout life

Having a good credit report is important when you want to:

- Rent or buy a home . . .

- Set up utilities or phone service . . .

- Apply for a credit card . . .

- Get a loan . . .

- Start a business . . .

*   *     *

We can help you get your finances back on track.

*   *     *

How your credit score is calculated

Lenders review your credit score to get a snapshot of your credit risk. These five criteria are used to calculate your FICO credit score:

*   *     *

Payment history counts for 35% of your score. Paying bills on time has a positive influence on your score.

*   *     *

- Your payment history—Whether or not you've made on-time payments has the most impact on your score.

- What you owe—Owing a lot or being near your credit limit on multiple accounts negatively impacts your score.

*   *     *

Call 800-282-2644 and find out how we can help you.

A true and correct copy of Defendant's brochure is attached hereto as Exhibit B.

14.     On or about March 28, 2013 and July 12, 2013, Defendant mailed letters, with brochures enclosed, to Ms. Kielty, that utilize language nearly identical to that which Defendant included in its April 13, 2012 letter. True and correct copies of Defendant's letters are attached hereto as Exhibits C-F.

15.   Each of these letters included an additional statement that reads: "Your credit report will be updated with each payment made, and once you've completed your agreed-upon payments to settle this account, your credit report will be updated as 'Paid in Full'!" *See id.*

16.   On or about January 22, 2014, Defendant mailed a letter to Ms. Kielty that states, in part:

> We would like to thank you for your previous payment on your account. Our records indicate that you have not made a payment in the last 35 days. Your previous effort to make payment on the account has proven you are interested in resolving this debt. We understand there are situations that may have prevented you from paying last month and would like to offer you the opportunity to resolve your account.
>
> To re-establish a positive payment history with us, the following options are available

A true and correct copy of Defendant's January 22, 2014 letter is attached hereto as Exhibit G.

17.   On or about February 13, 2013, Defendant mailed a letter to Ms. Pathman that states, in part:

> Midland Credit Management, Inc., understands a one-size payment plan doesn't fit everyone's needs. Special offers are now available to help you resolve your unpaid Cit Bank account.
>
> *       *       *
>
> We can help you get back on track.

\*   \*   \*

P.S. We've included a free educational brochure for you. *Why paying your bills is so important to a good credit report.*

We want to work with you to repay this account and we will not sue you for repayment of this obligation. This account may still be reported on your credit report as unpaid, and repaying the obligation may help toward improving your credit and reinstating your borrowing power.

A true and correct copy of the February 13, 2012 letter from Defendant to Ms. Pathman is attached hereto as Exhibit H.

18.     The brochure that Defendant enclosed with its letter to Ms. Pathman is materially identical to the brochure that Defendant sent to Ms. Kielty—which is attached as Exhibit B.

19.     On or about March 28, 2013 and July 12, 2013, Defendant mailed letters to Ms. Pathman that utilize language nearly identical to that which Defendant included in its February 13, 2013 letter. True and correct copies of the letters are attached hereto as Exhibits I-J.

### Class Action Allegations

20.     Plaintiffs bring this action on behalf of themselves and others similarly situated.

21.     Plaintiffs seek to represent a class of individuals defined as:

All consumers to whom Defendant mailed, within five years preceding the date of this complaint, its brochure titled "Why paying your bills is so important to a good credit score," and/or

a letter that includes a picture of its brochure titled "Why paying your bills is so important to a good credit score."

22.    The class specifically excludes the United States of America, the State of California, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, the Justices of The United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity to any of the foregoing individuals.

23.    The class members are so numerous that joinder of all members is impracticable.

24.    The exact number of class members is unknown to Plaintiffs at this time, and can be ascertained only through appropriate discovery.

25.    The class members are ascertainable in that, upon information and belief, their names and addresses can be identified in business records maintained by Defendant.

26.    There exists a well-defined community of interest in the questions of law and fact that affect the class members.

27.    Plaintiffs' claims are typical of the class members' claims.

28.    Plaintiffs' claims, and the class members' claims, originate from the same conduct, practice and procedure on the part of Defendant.

29.   Plaintiffs' claims are based on the same theory as the class members' claims.

30.   Plaintiffs suffered the same injuries as each class member.

31.   Plaintiffs will fairly and adequately protect the class members' interests in this matter.

32.   Plaintiffs' interests in this matter are not directly or irrevocably antagonistic to the class members' interests.

33.   Plaintiffs will vigorously pursue the class members' claims in this matter.

34.   Plaintiffs have retained counsel experienced and competent in class action litigation.

35.   Plaintiffs' counsel will vigorously pursue this matter.

36.   Plaintiffs' counsel will assert, protect, and otherwise represent the class members in this matter.

37.   The questions of law and fact common to all class members predominate over questions that may affect individual class members.

38.   Issues of law and fact common to all class members are:

    a.  Defendant's violations of the CROA;

    b.  The existence of Defendant's identical conduct;

    c.  The availability of statutory penalties; and

d. The availability of attorneys' fees and costs.

39.   A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

40.   If brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

41.   The pursuit of separate actions by individual class members would, as a practical matter, be dispositive of the interests of other class members, and could substantially impair or impede their ability to protect their interests.

42.   The pursuit of separate actions by individual class members would create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

43.   These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

44.   The damages suffered by each individual class member may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the class members to redress the wrongs done to them.

45.   The pursuit of Plaintiffs' claims, and the class members' claims, in one forum will achieve efficiency and promote judicial economy.

46.   There will be no difficulty in the management of this action as a class action.

47.   Defendant has acted or refused to act on grounds generally applicable to all class members, making final declaratory or injunctive relief appropriate.

### Count I
### Violations of 15 U.S.C. § 1679c(a),(b)

48.   Plaintiffs repeat and re-allege each and every factual allegation above.

49.   The CROA requires a credit repair organization to provide a consumer, before it executes any contract or agreement with the consumer, as a document separate from any written contract or other agreement between it and the consumer, or any other written material that it provides to the consumer, a written statement that reads:

Consumer Credit File Rights Under State and Federal Law

You have a right to dispute inaccurate information in your credit report by contacting the credit bureau directly. However, neither you nor any "credit repair" company or credit repair organization has the right to have accurate, current, and verifiable information removed from your credit report. The credit bureau must remove accurate, negative information from your report only if it is over 7 years old. Bankruptcy information can be reported for 10 years.

You have a right to obtain a copy of your credit report from a credit bureau. You may be charged a reasonable fee. There is

no fee, however, if you have been turned down for credit, employment, insurance, or a rental dwelling because of information in your credit report within the preceding 60 days. The credit bureau must provide someone to help you interpret the information in your credit file. You are entitled to receive a free copy of your credit report if you are unemployed and intend to apply for employment in the next 60 days, if you are a recipient of public welfare assistance, or if you have reason to believe that there is inaccurate information in your credit report due to fraud.

You have a right to sue a credit repair organization that violates the Credit Repair Organization Act. This law prohibits deceptive practices by credit repair organizations.

You have the right to cancel your contract with any credit repair organization for any reason within 3 business days from the date you signed it.

Credit bureaus are required to follow reasonable procedures to ensure that the information they report is accurate. However, mistakes may occur.

You may, on your own, notify a credit bureau in writing that you dispute the accuracy of information in your credit file. The credit bureau must then reinvestigate and modify or remove inaccurate or incomplete information. The credit bureau may not charge any fee for this service. Any pertinent information and copies of all documents you have concerning an error should be given to the credit bureau.

If the credit bureau's reinvestigation does not resolve the dispute to your satisfaction, you may send a brief statement to the credit bureau, to be kept in your file, explaining why you think the record is inaccurate. The credit bureau must include a summary of your statement about disputed information with any report it issues about you.

The Federal Trade Commission regulates credit bureaus and credit repair organizations. For more information contact:

The Public Reference Branch
Federal Trade Commission
Washington, D.C. 20580.

15 U.S.C. § 1679c(a),(b).

50.     Defendant failed to provide Plaintiffs with the statement required by Section 1679c(a),(b).

**Count II**
**Violation of 15 U.S.C. § 1679d(a),(b)**

51.     Plaintiffs repeat and re-allege each and every factual allegation above

52.     The CROA states:

> No services may be provided by any credit repair organization for any consumer—
>
> (1) unless a written and dated contract (for the purchase of such services) which meets the requirements of subsection (b) of this section has been signed by the consumer; or
>
> (2) before the end of the 3-business-day period beginning on the date the contract is signed.

15 U.S.C. § 1679d(a)(1),(2).

53.     The CROA additionally states:

> No contract referred to in subsection (a) of this section meets the requirements of this subsection unless such contract includes (in writing)—
>
> (1) the terms and conditions of payment, including the total amount of all payments to be made by the consumer to the credit repair organization or to any other person;

(2) a full and detailed description of the services to be performed by the credit repair organization for the consumer, including --

(A) all guarantees of performance, and

(B) an estimate of --

(i) the date by which the performance of the services (to be performed by the credit repair organization or any other person) will be complete, or

(ii) the length of the period necessary to perform such services;

(3) the credit repair organization's name and principal business address; and

(4) a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: "You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right."

15 U.S.C. § 1679d(a)(b).

54.    Defendant did not provide Plaintiffs with a contract described by Section 1679d, nor did Plaintiffs return to Defendant a written and dated contract, as required by Section 1679d(a),(b), prior to Defendant's provision of services to Plaintiffs.

## Count III
### Violation of 15 U.S.C. § 1679b(b)

55.    Plaintiffs repeat and re-allege each and every factual allegation above.

56.    The CROA provides: "No credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed." 15 U.S.C. § 1679b(b).

57.    Defendant represented to Plaintiffs that it could and would perform an agreed upon service.

58.    Defendant received, from Ms. Kielty, a monetary amount in exchange for services represented, prior to fully performing such services.

### Count IV
### Violation of 15 U.S.C. § 1679b(a)(3)

59.    Plaintiffs repeat and re-allege each and every factual allegation above.

60.    The CROA states that "[n]o person may . . . make or use any untrue or misleading representation of the services of the credit repair organization."

61.    Defendant falsely and misleadingly represented that it could or would legally report Plaintiffs' obligations as "Paid in Full," even where Plaintiffs did not pay the full amount of the obligation—as the Fair Credit Reporting Act precludes Defendant from doing so. *See* 15 U.S.C. § 1681s-2; 15 U.S.C. § 1682e(b).

62.    As well, Defendant implied, throughout its letters and brochures, that negative information of Plaintiffs' credit reports could be permanently removed when it cannot.

### Count V

1

### Violation of 15 U.S.C. § 1679b(a)(1)

2

63.    Plaintiffs repeat and re-allege each and every factual allegation above.

3

64.    The CROA provides: "No person may . . . make any statement, or

4
5
counsel or advise any consumer to make any statement, which is untrue or

6
misleading (or which, upon the exercise of reasonable care, should be known by

7
the credit repair organization, officer, employee, agent, or other person to be untrue

8
or misleading) with respect to any consumer's credit worthiness, credit standing, or

9
credit capacity to—(A) any consumer reporting agency, or (B) any person (i) who

10
11
has extended credit to the consumer; or (ii) to whom the consumer has applied or is

12
applying for an extension of credit."

13
65.    Defendant counseled and advised Plaintiffs, by way of its letters and

14
brochure, that Plaintiffs should report their obligation as "Paid in Full," upon

15
satisfying respective settlement amounts, even where Plaintiffs did not pay the full

16
amount of the obligation.

17

18

### Count VI
### Violation of 15. U.S.C. § 1692e(10)

19

66.    Plaintiffs repeat and re-allege each and every factual allegation above.

20

21

67.    The FDCPA at Section 1692e(10) provides:

22
A debt collector may not use any false, deceptive, or misleading
representation or means in connection with the collection of any

23
debt. Without limiting the general application of the foregoing,
the following conduct is a violation of this section:

24

1

\* \* \*

2

(10) The use of any false representation or deceptive means to

3

collect or attempt to collect any debt or to obtain information
concerning a consumer.

4

15 U.S.C. § 1692e(10).

5

6      68.     Defendant falsely and misleadingly represented that it could or would

7   legally report Plaintiffs' obligations as "Paid in Full," even where Plaintiffs did not

8   pay the full amount of the obligation—as the Fair Credit Reporting Act precludes

9   Defendant from doing so. *See* 15 U.S.C. § 1681s-2; 15 U.S.C. § 1682e(b).

10

11      69.     As well, Defendant implied, throughout its letters and brochures, that

12   negative information of Plaintiffs' credit reports could be permanently removed

13   when it cannot.

14      70.     What's more, Defendant falsely and deceptively represented that

15   "interest will stop being added to your account," despite that no interest could have

16   been legally added to Plaintiffs' accounts—as, if for no other reason, Plaintiff's

17   original creditors each waived their respective rights to collect interest on the

18

19   accounts.

20

### Count VI
### Violation of Cal. Civ. Code § 1788.17

21

22      71.     Plaintiffs repeat and re-allege each and every factual allegation above.

23      72.     The Rosenthal Act at Section 1788.17 provides:

24

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

Cal. Civ. Code § 1788.17.

73.     Defendant MCM violated Cal. Civ. Code § 1788.17 by violating the FDCPA.

## Trial by Jury

74.     Plaintiffs demand a trial by jury on all claims.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment, as follows:

      a.  Determining that this action is a proper class action;

      b.  Certifying Plaintiffs as class representatives;

      c.  Certifying Plaintiffs' counsel as class counsel;

      d.  Designating this complaint the operative complaint for class purposes;

      e.  Adjudging that Defendant violated 15 U.S.C. § 1679c(a),(b); 15 U.S.C. § 1679d(a),(b); 15 U.S.C. § 1679b(b); 15 U.S.C. § 1679b(a)(3); 15 U.S.C. § 1679b(a)(1); 15 U.S.C. § 1692e(10); and Cal. Civ. Code § 1788.17.

f. Awarding Plaintiffs, and the class members, their actual damages sustained as a result of Defendant's failure to comply the CROA;

g. Awarding Plaintiffs, and the class members, their statutory damages sustained as a result of Defendant's failure to comply with the FDCPA, and the Rosenthal Act;

h. Awarding Plaintiff, and the class members, punitive damages in an amount as this Court may allow;

i. Returning to the class members all amounts paid to Defendant;

j. Awarding Plaintiff, and the class members, injunctive relief;

k. Awarding Plaintiff, and the class members, their reasonable attorneys' fees incurred in this action, including counsel fees and expert fees;

l. Awarding Plaintiff, and the class members, any pre-judgment and post-judgment interest as may be allowed under the law;

m. Awarding such other and further relief as the Court may deem just and proper.

Dated: March 10, 2014                    Respectfully submitted,

                                         /s/ Todd M. Friedman
                                         Todd M. Friedman (216752)
                                         Law Offices of Todd M. Friedman, P.C.
                                         369 S. Doheny Dr., #415
                                         Beverly Hills, CA 90211
                                         Phone: (877) 206-4741

Fax: (866) 633-0228
tfriedman@toddflaw.com
Attorney for Plaintiffs

Aaron D. Radbil (*pro hac vice* application
to follow)
Greenwald Davidson PLLC
5550 Glades Rd, Ste. 500
Boca Raton, FL 33431
Phone: (561) 826-5477
Fax: (561) 961-5684
aradbil@mgjdlaw.com
Attorney for Plaintiffs